UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Stevie Allen Feimster, #19719-058, ) | C/A No. 4:10-531-JFA-TER |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Report and Recommendation |
| ) | |
| ) | |
| Warden, FCI-Edgefield, ) | |
| ) | |
| Respondent. ) | |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 has been submitted to the Court *pro se* by a federal prison inmate.[1] Petitioner is a federal prisoner, currently incarcerated within this District at FCI-Edgefield. In the Petition submitted in this case, Petitioner asks this Court to find a Virginia state-court conviction invalid or to direct that the sentence received on that conviction be run concurrently with the federal sentence he is currently serving. The Virginia state conviction and sentence that are the subject of the Petition were entered under the Interstate Agreement on Detainers (IAD) on a guilty plea by Petitioner after he began serving his federal sentence. Petitioner alleges that he left federal custody and went into Virginia custody on the charges on February 28, 2006 and entered his guilty plea on June 23, 2006. He claims that the Virginia court called his case to trial too late under the IAD, and "thus they forfeited their legal claim to trial on this charge." Pet. 5.

Although Petitioner was specifically requested to provide this Court with copies of the relevant

---

[1] Pursuant to 28 U.S.C. §636(b)(1)(B), and D.S.C. Civ. R. 73.02(B)(2)(c), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See also* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

documents from any Virginia state courts he consulted in an attempt to overturn the subject conviction and/or sentence, he failed to do so. (Entry 13)( Pet. Answers to the Court's Special Interrogatories # C.4.). As a result, it is not known whether the Virginia sentencing order is silent on the issue of whether the sentence he received should run concurrently or consecutively to Petitioner's federal sentence or if it references the federal sentence in any way.[2] In response to this Court's questions about what steps he has taken to obtain the relief sought through this Petition, Petitioner states that he asked a Virginia state prosecutor to assist him in having the sentence run concurrently, rather than consecutively, but that he was denied assistance. (Entry 13)(Pet. Answers to the Court's Special Interrogatories # C.3.). He does not state in his answers to the special interrogatories that he filed any type of action in any state court seeking to raise the claims made in this Petition. *Id.* Although he states in the Petition that he filed a direct appeal from the conviction, raising the issue: "trial court erred on the acceptance of guilty plea," Pet. 4, he does not provide any further information about the underlying claims made in his direct appeal nor does he provide this Court with a legal citation to any Virginia state court opinion that might have been issued on that appeal.[3] Petitioner specifically admits that he did not pursue his claims about the Virginia state conviction and sentence through the BOP administrative remedy process. (Entry 13)(Pet. Answers to the Court's Special Interrogatories, # A.).

---

[2] If it is silent, then, due to the silence, the Federal Bureau of Prisons (BOP) would have lodged it in Petitioner's records as a consecutive sentence. *See* 18 U.S.C. § 3584(a)("Multiple terms of imprisonment imposed at different times *run consecutively unless the court orders that the terms are to run concurrently*.")(emphasis added); *see also United States v. Quintero*, 157 F.3d 1038, 1041 (6th Cir.1998) (observing that § 3584(a) establishes a " 'rule of construction in the cases in which the court is silent as to whether sentences are consecutive or concurrent' ").

[3] Petitioner's failure to reference any post-appeal communications with a Virginia state court regarding his conviction and/or sentence status leaves this Court to understand that he has not filed a petition for habeas corpus relief or an appeal therefrom in any Virginia state court seeking to vacate his conviction or to "correct" the sentence he received so that it runs concurrently. *See* Va. Code Ann. § 8.01-654 (a proceeding for writ of habeas corpus appears to be Virginia's equivalent of South Carolina's post-conviction relief action).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Petition submitted in this case is subject to summary dismissal.

Initially, to the extent that Petitioner's claim that his Virginia state conviction should not be included in his criminal record or that the sentence he received should be run concurrently with the federal sentence he is currently serving is liberally construed as a "manner of sentence execution" claim properly raised in this Court through 28 U.S.C. § 2241, the Petition submitted in this case should be summarily dismissed because it was filed prematurely without exhaustion of the available administrative remedies within the BOP. The BOP has established an administrative procedure whereby a federal inmate may seek review of complaints relating to any aspects of his or her confinement. *See* C.F.R. § 542.10, et. seq. If the

inmate receives an adverse result from the Warden at the first step of the process, the inmate <u>must</u> present his claims to the Regional Director of the Federal Bureau of Prisons AND then to the Office of General Counsel in order to fully exhaust his BOP administrative remedies. 28 C.F.R. § 542.15.

Petitioner specifically states in his Answers to the Court's Special Interrogatories that he did not seek to employ the BOP administrative remedy with respect to his IAD-violation and sentencing claim because it "does not pertain to institution violations." (Entry 13)(Pet. Answers to the Court's Special Interrogatories # A.2.). However, Petitioner's reason for not going through the BOP to complain about his convictions record and sentencing situation is misguided because institutional violations are not the only reasons for usage of the remedy process. The policy itself states that "[t]he purpose of the Administrative Remedy Program is to allow an inmate to seek formal review of an issue relating to *any aspect* of his/her own confinement." 28 C.F.R. § 542.10 (emphasis added); *see Mathena v. United States*, 577 F.3d 943, 946 (8th Cir. 2009) (manner-of-execution claim regarding consecutive/concurrent sentencing issue must be exhausted in the BOP). If the BOP has improperly listed a conviction or classified a sentence in their records, the administrative remedies process would be available to correct the BOP's records.

Petitioner has clearly taken none of the required administrative steps in connection with his claim that his Virginia state conviction should be invalidated, *i.e.*, not considered part of his record with the BOP, or, alternatively, that the sentence should be listed by the BOP as running concurrently with his federal sentence. As a result, Petitioner has not established that he exhausted his administrative. Thus, assuming the claims are properly raised by Petitioner in a § 2241 petition, the Petition should be dismissed because Petitioner has not exhausted his administrative remedies. *See Braden v. 30th Judicial Cir. Ct.*, 410 U.S. 484, 490-91 (1973)(exhaustion also required under 28 U.S.C. § 2241); *Moore v. De Young*, 515 F.2d 437, 442-43 (3d Cir. 1975)(exhaustion required under 28 U.S.C. § 2241).

Furthermore, to the extent that Petitioner's claims may *not* be liberally construed as seeking the

correction/change of BOP records regarding the subject Virginia conviction and sentence, they must be viewed as direct challenges to the underlying validity of the state conviction and sentence. Thus viewed, they are essentially mandamus claims asking this Court to direct a state court judge to change or correct his or her conviction and sentence,[4] and this Court does not possess the subject matter jurisdiction under § 2241 to consider Petitioner's claims or direct the relief he seeks.[5] The writ of mandamus is infrequently used by federal courts, and its use is usually limited to cases where a federal court is acting in aid of its own jurisdiction. *See* 28 U.S.C. § 1361; *Gurley v. Superior Ct. of Mecklenburg County*, 411 F.2d 586, 587-88 (4th Cir. 1969). A federal district court may issue a writ of mandamus only against an employee or official *of the United States*. *Moye v. Clerk, DeKalb County Sup. Court*, 474 F.2d 1275, 1275-76 (5th Cir.1973)(federal courts do not have original jurisdiction over mandamus actions to compel an officer or employee *of a state* to perform a duty owed to the petitioner); *see also In re Campbell*, 264 F.3d 730, 731 (7th Cir. 2001)(same; collecting cases)*; In re Carr*, 803 F.2d 1180, 1180 (4th Cir. 1986)(unpublished opinion)(same). In *Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988), the court ruled that "[t]he federal courts have no general power to compel action by state officials[.]" ; *see also Craigo v. Hey*, 624 F. Supp. 414 (S.D. W. Va. 1985). Based on this law, Petitioner's requests that this Court direct the Virginia state court to vacate his conviction or direct that his sentence run concurrently cannot be granted. It is therefore recommended that the District Court dismiss the complaint *without prejudice* and without issuance and service of process because this court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3);

---

[4] The term "mandamus" is defined as "[a] writ issued by a superior court to compel a lower court or a government officer to perform mandatory or purely ministerial duties correctly." *Black's Law Dictionary* (8th ed. 2004).

[5] It is generally understood that § 2241 is an appropriate basis for a habeas petition where a prisoner challenges the execution of his/her sentence, but it is not generally available where the underlying validity of the conviction and sentence is being challenged. *See Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999)(collecting cases from other circuits).

Fed. R. Civ. P. 41(b)(dismissal for lack of jurisdiction is *not* deemed to be an adjudication on the merits).

## RECOMMENDATION

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice* and without issuance and service of process upon Respondent. *See Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) (a petition may be summarily dismissed if the record clearly indicates that petitioner's claims are either barred from review or without merit); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return).

Petitioner's attention is directed to the important notice on the next page.

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

September 16, 2010  
Florence, South Carolina

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).